NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

17-P-66                                              Appeals Court

WORCESTER REGIONAL RETIREMENT BOARD  vs.  CONTRIBUTORY RETIREMENT APPEAL BOARD & others.[1]

No. 17-P-66.

Worcester.     October 11, 2017. - November 29, 2017.

Present:  Milkey, Massing, & Ditkoff, JJ.


Contributory Retirement Appeal Board.  County, Retirement board.  Municipal Corporations, Retirement board, Pensions.  Public Employment, Retirement, Retirement benefits.  Retirement.  Pension.


Civil action commenced in the Superior Court Department on September 15, 2015.

The case was heard by Shannon Frison, J., on motions for judgment on the pleadings.


Michael Sacco for the plaintiff.
Thomas F. Gibson for Middlesex County Retirement Board.


MASSING, J.  The Worcester Regional Retirement Board (WRRB) appeals from a judgment of the Superior Court, which affirmed a decision of the Contributory Retirement Appeal Board (CRAB)

---

[1] Middlesex County Retirement Board; Brian Pierce.

requiring the WRRB to permit a former member to purchase nine additional months of creditable service.[2]  At issue is whether the WRRB is responsible for not having enrolled the employee, Brian Pierce, as of the day he became eligible for membership, or whether Pierce had an affirmative obligation to ensure that he had been enrolled as of his start date.  CRAB determined that the responsibility lay with the WRRB, not the employee; that the retirement system records should be corrected to reflect Pierce's nine months of uncredited membership; and that Pierce should be permitted to buy back the time of which he had erroneously been deprived.  Discerning no legal error or abuse of discretion on CRAB's part, we affirm.

Background.  Pierce began permanent, full-time employment as a third-class lineman for the Princeton Municipal Light Department, which is a member unit of the Worcester Regional Retirement System (WRRS), on December 6, 1982.  On October 24, 1983, Pierce completed a new entrant enrollment form "[i]n order that [he] may be properly enrolled" in the WRRS.[3]  The WRRB stamped the form as received on November 18, 1983.  The form

_____

[2] Neither CRAB nor Pierce has participated in this appeal. Their interests have been represented by the Middlesex County Retirement Board, the pension system of which Pierce was a member when he retired.

[3] Pierce dated the form October 24, 1982.  As the Princeton treasurer verified the form on October 24, 1983, and the form referenced a start date of December 6, 1982, it is most likely that Pierce misdated his signature.

correctly indicated that Pierce's full-time permanent employment had begun on December 6, 1982. The WRRB enrolled Pierce as a member as of September 1, 1983, crediting him with service prior to its receipt of his enrollment form, but not for the first nine months of his employment starting on December 6, 1982.

Pierce's service with the town of Princeton ended on May 1, 1986, when he took a similar position with the Middleborough Light Department. At that time, Pierce became a member of the Plymouth County Retirement System, and his funds in the WRRS, representing two years and eight months of service (September 1, 1983, to May 1, 1986) were transferred to the Plymouth system. After ten years and one month of service in Middleborough, Pierce went to work for the Littleton Light Department, and his funds within the Plymouth system were transferred to the Middlesex County Retirement System (MCRS). On June 30, 2008, after eleven years and nine months of service in Littleton, Pierce retired from service with superannuation retirement benefits through the MCRS.[4]

Shortly before his retirement, Pierce initiated a request to purchase from the WRRS the nine months of full-time service

---

[4] As of May 14, 2009, the Public Employee Retirement Administration Commission calculated that the WRRS was responsible for 10.84761 percent of Pierce's total service time, based on the two years and eight months between September 1, 1983, and May 1, 1986, and directed the WRRB to reimburse the MCRB $2,630.06 yearly toward Pierce's retirement allowance.

for which he had not received credit.[5]  Following a series of communications among Pierce, the town of Princeton, the WRRB, and the MCRS, the WRRB declined to accept Pierce's request and denied liability for his noncontributing service period.

Pierce, joined by the MCRS, timely appealed from the WRRB's decision to the Division of Administrative Law Appeals (DALA). A DALA magistrate concluded that because Pierce correctly indicated his start date when he applied for membership, "the WRRB had notice of [his] membership status and eligibility to purchase that service as of the date he became a member."  The magistrate further stated, "There was no additional onus on [Pierce] to be proactive and request to purchase said service at that time.  [Pierce] was entitled to retroactive membership from the moment the WRRB accepted the enrollment form.  The omission was an error of the board."  Accordingly, the magistrate concluded that "the omission of [Pierce] from the system from his date of hire through September 16 [sic], 1983 was an error

---

[5] A Division of Administrative Law Appeals magistrate decided the case on memoranda and documents without an evidentiary hearing.  She enumerated "stipulations of fact" from those materials.  She set forth that Pierce made the request to purchase his service in October, 2009.  The CRAB incorporated the magistrate's "findings of fact" but further found that "Pierce's request to provide make-up payments for this time was made on or before May 12, 2008, prior to his retirement."  The CRAB's finding in this regard is supported by documentary evidence in the record.

of the WRRB which must be corrected pursuant to G. L. c. 32, § 20(5)(c)(1)."

The WRRB appealed from the DALA magistrate's decision to CRAB. CRAB adopted the magistrate's findings and conclusions, adding, "Pierce's application for membership listed his date of hire and should have resulted in his enrollment commencing on that date, with any makeup payments necessary. Under these circumstances he was not required to make a specific request to purchase those nine months of credible service."

The WRRB sought judicial review of CRAB's decision under G. L. c. 30A, § 14, and a Superior Court judge affirmed CRAB's decision. This matter is before us on the WRRB's appeal from the Superior Court judgment.

Discussion. The standard of review of a CRAB decision in these circumstances is well established. "Appellate review under G. L. c. 30A, § 14, is limited to determining whether the agency's decision was unsupported by substantial evidence, arbitrary and capricious, or otherwise based on an error of law." Arlington Contributory Retirement Bd. v. Contributory Retirement Appeal Bd., 75 Mass. App. Ct. 437, 441 (2009). We defer to CRAB's expertise, even when conducting de novo review of legal questions, see ibid.; Haverhill Retirement Sys. v. Contributory Retirement Appeal Bd., 82 Mass. App. Ct. 129, 131 (2012), but "we are not bound by what we believe is an agency's

erroneous interpretation of its statutory authority." Bristol County Retirement Bd. v. Contributory Retirement Appeal Bd., 65 Mass. App. Ct. 443, 451 (2006).

CRAB concluded that the WRRB's failure to enroll Pierce as of his start date was an error subject to correction under G. L. c. 32, § 20(5)(c)(2). This section applies "[w]hen an error exists in the records maintained by the system or an error is made in computing a benefit and, as a result, a member or beneficiary receives from the system more or less than the member or beneficiary would have been entitled to receive had the records been correct or had the error not been made." G. L. c. 32, § 20(5)(c)(2), as appearing in St. 2000, c. 159, § 91. In such cases, "the records or error shall be corrected," the member shall make up any underpayment or be reimbursed for any overpayment, and future benefit payments are to be recalculated. Ibid. "This section effectively acknowledges that the retirement law is a complicated combination of various legislative efforts occurring at different times and for different purposes, that it is difficult to administer, and that it is inevitable that mistakes in implementation will be made." Bristol County Retirement Bd., 65 Mass. App. Ct. at 449. The plain language of this section covers the situation here, where an error exists in the WRRB's records such that Pierce is receiving lower benefits than he is entitled to receive.

The WRRB raises a number or arguments why § 20(5)(c)(2) should not apply, none of them availing. First, the WRRB asserts that the CRAB decision is contrary to G. L. c. 32, § 3(3), as appearing in St. 1960, c. 535, "Late Entry into Membership," which permits employees who "failed to become or elected not to become" a member of a retirement system to "apply for and be admitted to membership" retroactively under certain conditions. The WRRB argues that because this provision is permissive -- members are not required to buy back service -- it puts the onus on employees to take affirmative steps to purchase creditable service. Under the circumstances of this case, we do not agree that § 3(3) applies.

Rather, we agree with the Superior Court judge that "Pierce neither failed to become nor elected not to become a member of WRRB. He ultimately became a member of the WRRS when he submitted his Enrollment Form, and his efforts were only frustrated due to WRRB's error." Simply put, this appeal does not present a case of "late entry."

The WRRB also argues that it cannot be ordered to reimburse the MCRS for benefits attributable to Pierce's first nine months of service because those nine months did not "pertain" to the WRRB within the meaning of G. L. c. 32, § 3(8)(c). The WRRB relies in part on Haverhill Retirement Sys., 82 Mass. App. Ct. at 133-134, where we held that an employee's service in a

retirement system in which he was erroneously enrolled nonetheless "pertained" to that system because it accepted and had the use of contributions made on behalf of the employee. The WRRB's reliance on Haverhill Retirement Sys. is misplaced: although it did not have the benefit of contributions associated with Pierce's membership for the first nine months of his service in Princeton, this was only because the WRRB had failed to enroll him for those nine months, during which he was eligible for membership.

The WRRB further claims that employment does not "pertain" to a particular system unless the employee is a member of that system. In support of this claim, the WRRB cites prior DALA decisions stating that "where a member of a retirement system seeks to buy back prior service in a different retirement system, the 'different' system is not required to accept liability for that service, where the former employee was not entitled to membership in that system when rendering that 'prior' service" (emphasis supplied by the WRRB). Here, although Pierce was not a member of the WRRS, he was entitled to membership at the relevant time. His uncredited service "pertains" to the WRRS.

Finally, the WRRB argues that CRAB's decision is invalid because it did not make a liability determination under G. L. c. 32, § 3(8)(c). In fact, the DALA magistrate stated, "A

review of the record in this case renders the interpretation that the system with the liability for [the nine-month period] is the WRRS."  Nonetheless, the magistrate also noted that the issues of the parties' precise liability was not before her, but was for "PERAC, the actuary" to determine.  See G. L. c. 32, § 1, as amended by St. 1996, c. 306, § 6 (defining "actuary" in relevant part as "a member of the staff of the public employee retirement administration commission"); G. L. c. 32, § 3(8)(c) (reimbursements between retirement systems to be computed by the actuary).  We discern no error.

Judgment affirmed.